1  **McGuireWoods LLP**
   Carolee A. Hoover (SBN 282018)
2  choover@mcguirewoods.com
   Two Embarcadero Center
3  Suite 1300
   San Francisco, CA 94111-3821
4  Telephone:  415.844.9944
   Facsimile:   415.844.9922
5
   **McGuireWoods LLP**
6  John A. Van Hook (SBN 205067)
   jvanhook@mcguirewoods.com
7  1800 Century Park East, 8th Floor
   Los Angeles, CA  90067-1501
8  Telephone:  310.315.8200
   Facsimile:  310.315.8210
9
   **McGuireWoods LLP**
10 Joel S. Allen (*Hac Vice Application Forthcoming*)
   Email:  jallen@mcguirewoods.com
11 2000 McKinney Ave, Suite 1400
   Dallas, TX 75201
12 Telephone:  214.932.6400

13 Attorneys for Defendant
   DOLGEN CALIFORNIA, LLC
14

15              **UNITED STATES DISTRICT COURT**

16             **NORTHERN DISTRICT OF CALIFORNIA**

17

18 JAMES EVANS, on behalf of himself, all          CASE NO.  5:18-cv-7388
   others similarly situated,
19                                                 [Santa Clara County Superior Court Case
                                                   No. 18-cv-335538]
20              Plaintiff,
                                                   **EXHIBIT B TO DEFENDANT DOLGEN**
21 vs.                                             **CALIFORNIA, LLC'S NOTICE OF**
                                                   **REMOVAL OF CIVIL ACTION FROM**
22 DOLGEN CALIFORNIA, LLC, a Tennessee             **STATE COURT**
   limited liability company; and DOES 1 through
23 50, inclusive,                                  Complaint Filed:  September 27, 2018
                                                   Complaint Served:  November 9, 2018
24              Defendants.

25

26

27

28

1

## CERTIFICATE OF SERVICE

2  STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3       I am employed in the County of San Francisco, State of California.  I am over the age of

4  eighteen years and not a party to the within action; my business address is Two Embarcadero

5  Center, Suite 1300, San Francisco, CA 94111.

6       On December 14, 2018, I served the following document(s) described as

7  **EXHIBIT B TO DEFENDANT DOLGEN CALIFORNIA, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

8

9  Shaun Setareh (SBN 204514)                    Attorneys for Plaintiff
   shaun@setarehlaw.com                          James Evans
10 H. Scott Leviant (SBN 200834)
   scott@setarehlaw.com
11 William M. Pao (SBN 219846)
   william@setarehlaw.com
12 SETAREH LAW GROUP
   315 South Beverly Drive, Suite 315
13 Beverly Hills, California 90212
   Telephone (310) 888-7771
14 Facsimile (310) 888-0109

15 ☒      **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility
          regularly maintained by the overnight service carrier, or delivered such document(s) to a
16        courier or driver authorized by the overnight service carrier to receive documents, in an
          envelope or package designated by the overnight service carrier with delivery fees paid or
17        provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

18       I declare under penalty of perjury under the laws of the State of California that the

19  foregoing is true and correct.

20       Executed on December 14, 2018, at San Francisco, CA.

21

22                                             */s/ Josh Tabisaura*
                                               Josh Tabisaura
23

24

25

26

27

28

-1-
CERTIFICATE OF SERVICE

EXHIBIT B

1  Shaun Setareh (SBN 204514)
       shaun@setarehlaw.com
2  H. Scott Leviant (SBN 200834)
       scott@setarehlaw.com
3  William M. Pao (SBN 219846)
       william@setarehlaw.com
4  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   JAMES EVANS
8

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 12/7/2018 1:40 PM
Reviewed By: R. Walker
Case #18CV335538
Envelope: 2254708**

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF SANTA CLARA

11  JAMES EVANS, on behalf of himself, all       Case No. 18CV335538
    others similarly situated,
12                                                Amended As a Matter of Right Pursuant to
              *Plaintiff,*                        Labor Code Section 2699.3(a)(2)(C)
13
         vs.                                      **CLASS ACTION**
14
    DOLGEN CALIFORNIA, LLC, a Tennessee           **FIRST AMENDED COMPLAINT**
15  limited liability company; and DOES 1
    through 50, inclusive,                        1.  Violation of 15 U.S.C. §§ 1681b(b)(2)(A)
16                                                     (Fair Credit Reporting Act);
              *Defendants.*                        2.  Violation of 15 U.S.C. §§ 1681d(a)(1) and
17                                                     1681g(c) (Fair Credit Reporting Act);
                                                   3.  Violation of California Civil Code § 1786 *et*
18                                                     *seq.* (Investigative Consumer Reporting
                                                       Agencies Act);
19                                                 4.  Violation of California Civil Code § 1785 *et*
                                                       *seq.* (Consumer Credit Reporting Agencies
20                                                     Act);
                                                   5.  Failure to Provide Meal Periods (Lab. Code
21                                                     §§ 204, 223, 226.7, 512 and 1198);
                                                   6.  Failure to Provide Rest Periods (Lab. Code
22                                                     §§ 204, 223, 226.7 and 1198);
                                                   7.  Failure to Pay Hourly Wages (Lab. Code §§
23                                                     223, 510, 1194, 1194.2, 1197, 1997.1 and
                                                       1198);
24                                                 8.  Failure to Provide Accurate Written Wage
                                                       Statements (Lab. Code §§ 226(a));
25                                                 9.  Failure to Timely Pay All Final Wages
                                                       (Lab. Code §§ 201, 202 and 203);
26                                                 10. Unfair Competition (Bus. & Prof. Code §§
                                                       17200 *et seq.*);
27                                                 11. Civil Penalties (Lab. Code §§ 2698 *et seq.*);

28                                                 **JURY TRIAL DEMANDED**

                        FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW, Plaintiff JAMES EVANS ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against Defendant DOLGEN CALIFORNIA, LLC, a Tennessee limited liability company; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.      Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.      Plaintiff, individually and on behalf of all others similarly situated current, former and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq.*), the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786 *et seq.*); and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

4.      Plaintiff also brings this class and representative action against Defendants for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

(1)      failed to provide him and all other similarly situated individuals with meal periods;

(2)      failed to provide them with rest periods;

(3)      failed to pay them premium wages for missed meal and/or rest periods;

(4)      failed to provide them with accurate written wage statements; and

(5)      failed to pay them all of their final wages following separation of employment.

1  Based on these alleged Labor Code violations, Plaintiff now brings this class and
2  representative action to recover unpaid wages, restitution and related relief on behalf of himself, all
3  others similarly situated, and the general public.

4  **JURISDICTON AND VENUE**

5  5.     This Court has subject matter jurisdiction to hear this case because the monetary
6  damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal
7  jurisdiction of the Superior Court of the State of California.

8  6.     Venue is proper in the County of Santa Clara pursuant to Code of Civil Procedure
9  sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions
10 that are the subject matter of this Complaint occurred therein and/or each defendant is found,
11 maintains offices, transacts business and/or has an agent therein.

12 7.     Venue is proper in Santa Clara County because Defendants' principal place of
13 business is in Tennessee, is incorporated under the laws of Tennessee, does business in Santa Clara
14 County, and has not registered a California place of business with the California Secretary of State.
15 As such, venue is proper in any county in California.

16 **PARTIES**

17 8.     Plaintiff JAMES EVANS is, and at all relevant times mentioned herein, an
18 individual residing in the State of California.

19 9.     Plaintiff is informed and believes, and thereupon alleges that Defendant DOLGEN
20 CALIFORNIA, LLC is, and at all relevant times mentioned herein, a Tennessee limited liability
21 company doing business in the State of California.

22 10.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as
23 DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.
24 Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants
25 when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the
26 fictitiously named defendants are responsible in some manner for the occurrences, acts and
27 omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these
28 defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

1  capacities of the DOE defendants when ascertained.

2      11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

3  mentioned herein, some or all of the defendants were the representatives, agents, employees,

4  partners, directors, associates, joint venturers, principals or co-participants of some or all of the

5  other defendants, and in doing the things alleged herein, were acting within the course and scope of

6  such relationship and with the full knowledge, consent and ratification by such other defendants.

7      12.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

8  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

9  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

10  acts and omissions alleged herein.

11                    **CLASS ALLEGATIONS**

12      13.    This action has been brought and may be maintained as a class action pursuant to

13  Code of Civil Procedure section 382 because there is a well-defined community of interest among

14  the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

15  unaware of any difficulties likely to be encountered in managing this case as a class action.

16      14.    **Relevant Time Period**:  The relevant time period is defined as the time period

17  beginning four years prior to the filing of this action until judgment is entered.

18      **FCRA Class:**  All of Defendants' current, former and prospective applicants for
    employment in the United States who applied for a job with Defendants at any time during
19      the period for which a background check was performed beginning five years prior to the
    filing of this action and ending on the date that final judgment is entered in this action.

20
    **ICRAA Class:**  All of Defendants' current, former and prospective applicants for
21      employment in California, at any time during the period beginning five years prior to the
    filing of this action and ending on the date that final judgment is entered into this action.

22
    **CCRAA Class:**  All of Defendants' current, former and prospective applicants for
23      employment in California, at any time during the period beginning seven years prior to the
    filing of this action and ending on the date that final judgment is entered in this action.

24
    **Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies
25      and/or any other third parties in hourly or non-exempt positions in California during the
    **Relevant Time Period**.

26
        **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a
27          shift in excess of five hours during the **Relevant Time Period**.

28          **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift

of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

15.     **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

16.     **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

17.     **Commonality and Predominance**:  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

    A.     Whether Defendants failed to comply with the requirements of 15 U.S.C. § 7001 section 101(c)(1);

    B.     Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

    C.     Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

    D.     Whether Defendants willfully failed to identify the source of the credit report to be performed;

    E.     Whether Defendants willfully failed to comply with the FCRA, ICRAA

FIRST AMENDED CLASS ACTION COMPLAINT

and/or the CCRAA;

F.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

G.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

H.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

I.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

J.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

K.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

L.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

18.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

19.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and adequately represent and protect the interests of the other class members.

20.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

1    behalf of Plaintiff and absent class members.

2       21.    **Superiority:**  A class action is vastly superior to other available means for fair and

3    efficient adjudication of the class members' claims and would be beneficial to the parties and the

4    Court.  Class action treatment will allow a number of similarly situated persons to simultaneously

5    and efficiently prosecute their common claims in a single forum without the unnecessary

6    duplication of effort and expense that numerous individual actions would entail.  In addition, the

7    monetary amounts due to many individual class members are likely to be relatively small and would

8    thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

9    Moreover, a class action will serve an important public interest by permitting class members to

10   effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the

11   potential for inconsistent or contradictory judgments inherent in individual litigation.

12                          **GENERAL ALLEGATIONS**

13      22.    Plaintiff worked for Defendants as a non-exempt, hourly employee from

14   approximately September 9, 2017 through September 27, 2017.

15      23.    At the time Plaintiff was offered employment by Defendants, he was presented with

16   an offer letter that expressly conditioned his employment upon the completion of an acceptable

17   background check.

18      24.    Upon information and belief, Defendants did not provide legally compliant

19   disclosure and authorization forms to Plaintiff and the putative class as they contained extraneous

20   and superfluous language.

21                          **Missed Meal Periods**

22      25.    Plaintiff and the putative class members were not provided with meal periods of at

23   least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

24   scheduling each meal period as part of each work shift; (2) chronically understaffing each work

25   shift with not enough workers; (3) imposing so much work on each employee such that it made it

26   unlikely that an employee would be able to take their breaks if they wanted to finish their work on

27   time; and (4) no formal written meal and rest period policy that encouraged employees to take their

28   meal and rest periods.

26.     Specifically, Plaintiff was not provided with his legally mandated meal periods as Defendants either required him to skip them or otherwise provided meal periods after the fifth hour of work.

27.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to stay at the job site and/or premises during their meal periods in order to complete their assignments on time.

**Missed Rest Periods**

28.     Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

29.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

30.     When Plaintiff and the putative class were not provided with a rest period, Defendants failed to pay them premium wages.

**Wage Statements**

31.     Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

32.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

33.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

34.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

35.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A))

#### (Plaintiff and FCRA Class Against All Defendants)

36.     Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

37.     Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

38.     Plaintiff and class members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

39.     Section 1681a(d)(1) of the FCRA defines "consumer report" as:

"The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for–

(A) credit or insurance to be used primarily for personal, family, or household purposes;

(B) employment purposes; or

(C) any other purpose authorized under section 1681b of this title."

Accordingly, a credit and background report qualifies as a consumer report.

40.    Section 1681a(e) of the FCRA defines "investigative consumer report" as:

"The term 'investigative consumer report' means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items off information.  However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer."

Accordingly, a credit and background report qualifies as an investigative consumer report.

41.    Section 1681b(b)(2)(A) of the FCRA provides:

Conditions for furnishing and using consumer reports for employment purposes Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless–

(i)    A *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii)   The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i) the procurement of the report by that person. (Emphasis added.)

42.    Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

43.    Because Defendants' disclosures do not meet the requirement of 15 U.S.C. section 7001(c), the disclosures do not satisfy the written requirement.

44.    Plaintiff alleges, upon information and belief, that in evaluating his and other class members for employment, Defendants procured or caused to be procured credit and background reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. section 1681a(d)(1)(B) and 15 U.S.C. section 1681a(e)).

45.    The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information and are not clear and unambiguous disclosures in stand-alone documents.

46.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a

9

document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. (15 U.S.C. § 1681b(b)(@0(A0(i)-(ii).)  The inclusion of a release and other extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA.

47.    Although the disclosure and authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document.  For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> "The disclosure may not be part of an employment application because the language [of 15 U.S.C. section 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information.  The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure."

48.    The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly warned that the FCRA notice may not include extraneous information such as a release.  In a 1998 opinion letter, the FTC stated:

> "[W]e note that your draft disclosure includes a waiver by the consumer of his or his rights under the FCRA.  The inclusion of such a waiver in a disclosure form will violate section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

49.    In a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C. section 1681b(b)(2)(A))] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or his rights under the FCRA."

50.    By including a release and other extraneous information, Defendants willfully disregarded the FTC's regulatory guidance and violated section 1681b(b)(2)(A) of the FCRA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate" and therefore violates sections 1681b(b)(2)(A0 and 1681d(a).

51.     Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acts in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

A.      Defendants are a large corporation with access to legal advice;

B.      Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

C.      The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

D.      The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the disclosure form.

52.     Defendants required a liability release in the disclosure form, along with other extraneous information, that releases all parties involved from any liability and responsibility for releasing information they have about the Plaintiff to Defendants.

53.     Based upon the facts likely to have evidentiary support after a reasonable opportunity to further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing them of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

54.     Accordingly, Defendants willfully violated and continue to violate the FCRA,

11

including but not limited to, sections 1681b(b)(2)(A) and 1681d(a).  Defendants' willful conduct is reflected by, among other things, the facts set forth above.

55.     As a result of Defendants' unlawful procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

56.     Plaintiff, on behalf of himself and all class members, seek all available remedies pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

57.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. section 1681o, including statutory damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF THE FCRA

## (15 U.S.C. § 1681d(a)(1) and 1681g(c))

### (Plaintiff and FCRA Class Against All Defendants)

58.     Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

59.     Section 1681d(a) states:

(a) Disclosure of fact of preparation
A person may not procure or cause to be prepared an investigative consumer report on any consumer unless–

(1) it is *clearly and accurately disclosed to the consumer* that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, which are applicable, may be made, and such disclosure

(A) is *made in a writing mailed, or otherwise delivered, to the consumer*, not later than three days after the date on which the report was first requested, and

(B) *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section and *the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; and

(Emphasis added.)

60.    Section 1681d(b) states:

(b) Disclosure on request of nature and scope of investigation
Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1), make a ***complete and accurate disclosure of the nature and scope of the investigation requested***. This disclosure shall be made in a writing mailed, or after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.
(Emphasis added.)

61.    As previously alleged, because Defendants' disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy the written requirement.

62.    Moreover, even if Defendants' disclosures are deemed to satisfy Section 101(c)(1), Defendants did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the consumer of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested.

63.    Section 1681g(c) further provides for summary of rights to obtain and dispute information in consumer reports and to obtain credit scores:

(c) Summary of rights to obtain and dispute information in consumer reports and to obtain credit scores

(1) Commission
Summary of rights required

(A) In general
The Commission shall prepare a model summary of the rights of consumers under this subchapter.

(B) Content of summary
The summary of rights prepared under subparagraph (A) shall include a description of–

(i)    the right of a consumer to obtain a copy of a consumer report under subsection (a) from each consumer reporting agency;

(ii)   the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681j of this title;

(iii)  the right of a consumer to dispute information in the file of the

consumer under section 1681i of this title;

(iv) the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;

(v) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

(vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

64.     Defendants did not comply with 1681g(c)(B)(1) because the disclosures did not state the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

65.     Defendants did not comply with 1681g(c)(B)(2) because the disclosure did not state the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge.

66.     Defendants did not comply with 1681g(c)(B)(3) because the disclosure did not state the right of a consumer to dispute information in the file of the consumer.

67.     Defendants did not comply with 1681g(c)(B)(4) because the disclosure did not state the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score.

68.     Defendants did not comply with 1681g(c)(B)(5) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge.

69.     Defendants did not comply with 1681g(c)(B)(6) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE ICRAA**

**(Cal. Civ. Code §§ 1786 *et seq.*)**

**(Plaintiff and ICRAA Class Against All Defendants)**

70.     Plaintiff incorporates the preceding paragraphs in the Complaint as if fully alleged herein.

71.     Defendants are "persons" as defined by section 1786.2(a) of the ICRAA.

72.     Plaintiff and **ICRAA Class** members are "consumers" within the meaning of section 1786.2(b) of the ICRAA because they are "individuals."

73.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

> "The term investigative consumer report means a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

74.     Accordingly, a background check qualifies as an investigative consumer report under the ICRAA.

75.     Section 1786.16(a)(2) of the ICRAA provides:

> (2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> > (A) The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.
> >
> > (B) The person procuring or causing the report to be made provides a ***clear and conspicuous*** disclosure in writing to the consumer at any time before the report is procured or caused to be made ***in a document that consists solely of the disclosure***, that:
> >
> > > (i) An investigative consumer report may be obtained.
> > >
> > > (ii) The permissible purpose of the report is identified.
> > >
> > > (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
> > >
> > > (iv) Identifies the ***name, address, and telephone number of the investigative consumer reporting agency*** conducting the investigation.
> > >
> > > (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section

1786.22.

    (vi) ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency*** identified in clause (iv), or, ***if the agency has no Internet Web site address, the telephone number of the agency***, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20.  This clause shall be operative on January 1, 2012.

    (C) The consumer has authorized in writing the procurement of the report.

    (Emphasis added.)

76.    As previously alleged, because Defendants' disclosures do not meet the requirements of section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy section 1786.16(a)(2) of the ICRAA requirement that the disclosures be made in writing.

77.    As described above, Plaintiff alleges that in evaluating his and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks) as described by Civil Code section 1786.2(c).

78.    Because the purported disclosures are embedded with extraneous information and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

79.    Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C).  The inclusion of the Release and other extraneous information therefore violates section 1786.16(a)(2)(B) of the ICRAA.

80.    The plain language of the statute clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the ICRAA because such a form would not consist "solely" of the disclosure.

81.    By including the Release and other extraneous information, Defendants willfully violated section 1786.16(a)(2)(B) of the ICRAA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates section

1786.16(a)(2)(B).

82.    Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosure to applicants and employees, before procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants procured background checks or caused background checks to be procured for Plaintiff and class members without first providing a written disclosure in compliance with section 1786.16(a)(2)(B) of the ICRAA, as described above.

83.    Defendants' conduct in violation of Section 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a) Defendants are large corporations with access to legal advice;

(b) Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c) The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

84.    As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

85.    Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to Civil Code section 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

86.     In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Civil Code section 1786.50(a), including actual damages and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE CCRAA

### (Cal. Civ. Code §§ 1785 *et seq.*)

### (Plaintiff and CCRAA Class Against All Defendants)

87.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

88.     Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

89.     Plaintiff and **CCRAA Class** members are "consumers" within the meaning Section 1785.3(b) of the CCRAA, because they are "natural individuals."

90.     Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: …(2) employment purposes…

Thus, a credit report qualifies as a consumer credit report under the CCRAA.

91.     Section 1785.20.5(a) of the CCRAA provides, in relevant part:

> Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and ***shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report*** …

(Emphasis added.)

92.     As described above, Plaintiff alleges that in evaluating his and other class members for employment, Defendants procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Section 1785.3(c).

93.     The disclosure provided by Defendants does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report.  This omission clearly violates Section 1785.20.5(a) of the CCRAA, as delineated above.

94.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above.  Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with Section 1785.20.5(a) of the CCRAA, as described above.

95.     Defendants' conduct in violation of Section 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)     Defendants are large corporations with access to legal advice;

(b)     Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c)     The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

96.     As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

97.     Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to Civil Code section 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

98.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff

1  alleges that the violations were negligent and seeks the appropriate remedy, if any, under Civil

2  Code section 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and

3  costs.

4  ### FIFTH CAUSE OF ACTION

5  ### FAILURE TO PROVIDE MEAL PERIODS

6  ### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

7  ### (Plaintiff and Meal Period Sub-Class)

8      99.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

9  fully alleged herein.

10     100.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

11 non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

12 Code and the applicable Industrial Welfare Commission Wage Order.

13     101.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare

14 Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

15 employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

16 of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

17 minutes for each work period of ten hours.

18     102.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

19 Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

20 work during required meal periods and require employers to pay non-exempt employees an hour of

21 premium wages on each workday that the employee is not provided with the required meal period.

22     103.    Compensation for missed meal periods constitutes wages within the meaning of

23 Labor Code section 200.

24     104.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

25 violate the applicable Wage Order.

26     105.    Section 11 of the applicable Wage Order states:

27         "No employer shall employ any person for a work period of more than five (5) hours
           without a meal period of not less than 30 minutes, except that when a work period of
28         not more than six (6) hours will complete the day's work the meal period may be

waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

106.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

107.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

108.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

109.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

110.    Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

111.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

112.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

113.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

114.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

115.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

116.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

117.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

118.    Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

119.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

120.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

22

1  with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,

2  as required by the applicable Wage Order.

3      121.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

4  **Class** members additional premium wages when required rest periods were not provided.

5      122.    Specifically, Defendants written policies do not provide that employees may take a

6  rest period for each four hours worked, or major fraction thereof, and that rest periods should be

7  taken in the middle of each work period insofar as practicable.

8      123.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

9  and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

10  costs of suit.

11      124.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

12  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

13  **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

14  <u>**SEVENTH CAUSE OF ACTION**</u>

15  **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

16  **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

17  **(Plaintiff and Hourly Employee Class)**

18      125.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

19  herein.

20      126.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

21  been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

22  applicable Wage Order.

23      127.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

24  which an employee is subject to the control of the employer, and includes all the time the employee

25  is suffered or permitted to work, whether or not required to do so."

26      128.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

27  employees at least the minimum wage set forth therein for all hours worked, which consist of all

28  hours that an employer has actual or constructive knowledge that employees are working.

129.   Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

130.   Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

131.   Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

132.   Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

133.   Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

134.   Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

135.   Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

136.   Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

137.   Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

1  worked in excess of eight hours on a seventh consecutive workday during the workweek.

2      138.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

3  centrally devised policies and practices to his and **Hourly Employee Class** members with respect to

4  working conditions and compensation arrangements.

5      139.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

6  **Employee Class** members for all time worked, including but not limited to, overtime hours at

7  statutory and/or agreed rates.

8      140.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

9  members have suffered damages in an amount, subject to proof, to the extent they were not paid the

10  full amount of wages earned during each pay period during the applicable limitations period,

11  including overtime wages.

12      141.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

13  behalf of himself and **Hourly Employee Class** members, seek to recover unpaid

14      142.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

15  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

16  **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

17  <u>**EIGHTH CAUSE OF ACTION**</u>

18  **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

19  **(Lab. Code § 226)**

20  **(Plaintiff and Wage Statement Penalties Sub-Class)**

21      143.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

22  herein.

23      144.    Labor Code section 226(a) states:

24      "An employer, semimonthly or at the time of each payment of wages, shall furnish to
his or his employee, either as a detachable part of the check, draft, or voucher paying

25  the employee's wages, or separately if wages are paid by personal check or cash, an
accurate itemized statement in writing showing (1) gross wages earned, (2) total

26  hours worked by the employee, except as provided in subdivision (j), (3) the number
of piece-rate units earned and any applicable piece rate if the employee is paid on a

27  piece-rate basis, (4) all deductions, provided that all deductions made on written
orders of the employee may be aggregated and shown as one item, (5) net wages

28  earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

name of the employee and only the last four digits of his or his social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, and beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

145.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

146.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

147.    Plaintiff is informed and believes that Defendants' failure to provide his and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

148.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay

1  practices, has required discovery and mathematical computations to determine the amount of wages

2  owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or

3  has led to the submission of inaccurate information about wages and deductions to federal and state

4  government agencies.

5        149.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**

6  **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

7  initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

8  subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

9  aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

10  and costs.

11  **NINTH CAUSE OF ACTION**

12  **FAILURE TO TIMELY PAY ALL FINAL WAGES**

13  **(Lab. Code §§ 201-203)**

14  **(Plaintiff and Waiting Time Penalties Sub-Class)**

15        150.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

16  herein.

17        151.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

18  have been entitled, upon the end of their employment with Defendants, to timely payment of all

19  wages earned and unpaid before termination or resignation.

20        152.    At all relevant times, pursuant to Labor Code section 201, employees who have been

21  discharged have been entitled to payment of all final wages immediately upon termination.

22        153.    At all relevant times, pursuant to Labor Code section 202, employees who have

23  resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

24  payment of all final wages at the time of resignation.

25        154.    At all relevant times, pursuant to Labor Code section 202, employees who have

26  resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

27  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

28        155.    During the applicable limitations period, Defendants failed to pay Plaintiff all of his

1   final wages in accordance with the Labor Code by failing to timely pay his all of his final wages.

2       156.    Plaintiff is informed and believes that, at all relevant time during the applicable

3   limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

4   members all of their final wages in accordance with the Labor Code.

5       157.    Plaintiff is informed and believes that, at all relevant times during the applicable

6   limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

7   **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

8   sections 201 or 202 by failing to timely pay them all final wages.

9       158.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

10  timely pay all final wages to his and **Waiting Time Penalties Sub-Class** members have been

11  willful in that Defendants have the ability to pay final wages in accordance with Labor Code

12  sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible

13  with those requirements.

14      159.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and

15  **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their

16  final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

17      160.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

18  and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-**

19  **Class** members, seek awards of reasonable attorneys' fees and costs.

20                      **TENTH CAUSE OF ACTION**

21                        **UNFAIR COMPETITION**

22                  **(Bus. & Prof. Code §§ 17200 *et seq*.)**

23                    **(Plaintiff and UCL Class)**

24      161.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

25  herein.

26      162.    Business and Professions Code section 17200 defines "unfair competition" to

27  include any unlawful business practice.

28      163.    Business and Professions Code section 17203-17204 allow a person who has lost

                                28

money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

164. Federal and California laws require certain disclosures and proper authorization before conducting background checks and obtaining information from credit and background reports in connection with a hiring process.

165. Plaintiff and the **FCRA, ICRAA and CCRAA Class** re-alleges and incorporates by reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

166. California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

167. Plaintiff and the **UCL Class** members re-alleges and incorporates the FIFTH, SIXTH, and SEVENTH causes of action herein.

168. Plaintiff lost money or property as a result of the aforementioned unfair competition.

169. Defendants have or may have acquired money by means of unfair competition.

170. Defendants have violated Federal and California laws through their policies and practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

171. Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

172. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

FIRST AMENDED CLASS ACTION COMPLAINT

1  work period of five or more hours, by failing to provide non-exempt employees with a paid ten-

2  minute rest period for every four hours worked or major fraction thereof, and by failing to pay non-

3  exempt employees premium wages when they were not provided with their meal and/or rest

4  periods.At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees

5  and entitled to the full protections of both the Labor Code and the applicable Wage Order.

6      173.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

7  constitutes unfair competition within the meaning of Business and Professions Code section 17200

8  *et seq.*  Business and Professions Code sections 17200 *et seq.* protects against unfair competition

9  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

10  an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on

11  behalf of similarly situated persons in a class action proceeding.

12      174.    As a result of Defendants' violations of the Labor Code during the applicable

13  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

14  of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'

15  conduct.

16      175.    Plaintiff is informed and believes that other similarly situated persons have been

17  subject to the same unlawful policies or practices of Defendants.

18      176.    Due to the unfair and unlawful business practices in violation of the Labor Code,

19  Defendants have gained a competitive advantage over other comparable companies doing business

20  in the State of California that comply with their legal obligations.

21      177.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

22  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

23  violates or is considered unlawful under any other state or federal law.

24      178.    Accordingly, pursuant to Business and Professions Code sections 17200 and 17203,

25  Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining

26  Defendants, and each of them, and their agents and employees, from further violations of the

27  FCRA, ICRAA and CCRAA; and upon a final hearing seek an order permanently enjoining

28  Defendants, and each of them, and their respective agents and employees, from further violations

1  of the FCRA, ICRAA and CCRAA.

2       179.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

3  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

4  Defendants, and each of them, and their agents and employees, from further violations of the Labor

5  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

6  an order permanently enjoining Defendants, and each of them, and their respective agents and

7  employees, from further violations of the Labor Code and applicable Industrial Welfare

8  Commission Wage Orders.

9       180.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

10  himself and **FCRA Class, ICRAA Class, CCRAA Class and UCL Class** members, seek

11  declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not

12  pay them or otherwise retained by means of its unlawful and unfair business practices.

13      181.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

14  and/or the common fund doctrine, Plaintiff and **FCRA Class, ICRAA Class, CCRAA Class and**

15  **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their

16  unfair competition claims.

17      182.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

18  himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

19  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

20  and unfair business practices.

21      183.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

22  and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

23  reasonable attorneys' fees in connection with their unfair competition claims.

24                    **ELEVENTH CAUSE OF ACTION**

25                         **CIVIL PENALTIES**

26                      **(Lab. Code §§ 2698 *et seq.*)**

27      184.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

28  herein.

FIRST AMENDED CLASS ACTION COMPLAINT

185.    During the applicable limitations period, Defendants have violated Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802.

186.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

187.    Plaintiff, a former employee against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

188.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

189.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802:

        A.       For violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3, 1194, 1198 and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

        B.       For violations of Labor Code section 203, a penalty in an amount not exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

        C.       For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor

FIRST AMENDED CLASS ACTION COMPLAINT

1  Code section 210);

2      D.    For violations of Labor Code section 223, $100 for each employee for each

3  initial violation that was neither willful nor intentional, $200 for each

4  employee, plus 25% of the amount unlawfully withheld from each employee,

5  for each initial violation that was either willful or intentional, and $200 for

6  each employee, plus 25% of the amount unlawfully withheld from each

7  employee, for each subsequent violation, regardless of whether the

8  subsequent violation was either willful or intentional (penalties set by Labor

9  Code section 225.5);

10      E.    For violations of Labor Code section 226(a), if this action is deemed to be an

11  initial citation, $250 for each employee for each violation.  Alternatively, if

12  an initial citation or its equivalent occurred before the filing of this action,

13  $1,000 for each employee for each violation (penalties set by Labor Code

14  section 226.3);

15      F.    For violation of Labor Code sections 510 and 512, $50 for each employee for

16  each initial pay period for which the employee was underpaid, and $100 for

17  each employee for each subsequent pay period for which the employee was

18  underpaid (penalties set by Labor Code section 558);

19      G.    For violations of Labor Code section 1197, $100 for each aggrieved

20  employee for each initial violation of Labor Code section 1197 that was

21  intentional, and $250 for each aggrieved employee per pay period for each

22  subsequent violation of Labor Code section 1197, regardless of whether the

23  initial violation was intentional (penalties set by Labor Code section 1197.1);

24      H.    Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable

25  attorneys' fees and costs in connection with her claims for civil penalties.

26  **<u>PRAYER FOR RELIEF</u>**

27      WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general

28  public, prays for relief and judgment against Defendants as follows:

(1)   An order that the action be certified as a class action;

(2)   An order that Plaintiff be appointed class representative;

(3)   An order that counsel for Plaintiff be appointed class counsel;

(4)   Unpaid wages;

(5)   Actual damages;

(6)   Liquidated damages;

(7)   Restitution;

(8)   Declaratory relief;

(9)   Pre-judgment interest;

(10)  Statutory penalties;

(11)  Civil penalties;

(12)  Costs of suit;

(13)  Reasonable attorneys' fees; and

(14)  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED:  December 7, 2018                    SETAREH LAW GROUP


SHAUN SETAREH
Attorneys for Plaintiff
JAMES EVANS

FIRST AMENDED CLASS ACTION COMPLAINT

Electronically filed
by Superior Court of CA,
County of Santa Clara,
on 12/7/2018 1:40 PM
Reviewed By:R. Walker
Case #18CV335538
Env #2254708

1

**PROOF OF SERVICE**

2

   I am a citizen of the United States and am employed in the County of Los Angeles, State
3   of California. I am over the age of 18 and not a party to the within action. My business address
    is 315 South Beverly Drive, Suite 315 Beverly Hills, CA 90212.

4

5       On December 7, 2018, I served the foregoing documents described as:

6              **FIRST AMENDED COMPLAINT**

7   in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as
8   follows:

9   Dolgen California, LLC
    CSC – Lawyers Incorporating Service
10  2710 Gateway Oaks Drive, Suite 150N
    Sacramento, California 95833
11  Agent of Service for Dolgen California, LLC

12

13

14  **[X]    BY MAIL**

15      I am readily familiar with the practice of Setareh Law Group for the collection and
    processing of correspondence for mailing with the United States Postal Service.  It is the
16  practice that correspondence is deposited with United States Postal Service the same day it is
    submitted for mailing with postage thereon fully prepaid at Beverly Hills, California.  I am
17  aware that on motion of the party served, service is presumed invalid if postal cancellation date
    or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19

20  **[X]    STATE**  I declare under penalty of perjury under the laws of the State of California that
    the above is true and correct.

21

22      Executed on December 7, 2018, at Beverly Hills, California.

23

24

25                          _____
                            JUANITA FERNANDEZ

26

27

28

1

PROOF OF SERVICE